IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JACQUELINE D. WATSON,

    Plaintiff,

  v.

RAYNELL M. DUNKERSON,

    Defendant.

No. C 18-2445 WHA

**ORDER DISMISSING CLAIMS SUA SPONTE**

## INTRODUCTION

Plaintiff, proceeding *pro se*, filed this civil rights action under the Americans with Disabilities Act (ADA). Plaintiff's request to proceed in forma pauperis is **DENIED** as frivolous. For the reasons discussed below, the case is **DISMISSED WITH LEAVE TO AMEND**.

## STATEMENT

Plaintiff Jacqueline D. Watson alleges that defendant Raynell M. Dunkerson wrongfully deprived her of money from a lawsuit. Specifically, defendant received money from a lawsuit involving defendant's father, and plaintiff allegedly received approximately $900–$1000 from the lawsuit. Plaintiff alleges that she is entitled to a greater portion of the money and that defendant wrongfully gave $1000 to another woman.

Additionally, plaintiff alleges that defendant removed her property from his dwelling on a separate occasion. She also alleges that after receiving a haircut an unnamed woman stole from her on Eddy Street.

Plaintiff commenced this action in April 2018, demanding $20,000 in damages (Dkt. 1– 2).

**ANALYSIS**

**1.   STANDARD OF REVIEW.**

If a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is permitted to proceed in forma pauperis, federal courts must engage in a preliminary screening of the complaint. The Court must identify cognizable claims or dismiss any claims which: (1) are frivolous and malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is "frivolous" under Section 1915 where it lacks "arguable basis in law or in fact" or where there is no subject matter jurisdiction. *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987).

Pro se pleadings must be liberally construed. *See Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute, as recognized in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).

**2.   TITLE II OF THE ADA**

In order to establish a claim under Title II of the ADA, plaintiff must allege: (1) that she is a qualified individual with a disability, (2) who was excluded from participation in or was denied the benefits of services, programs, or activities of a public entity, and (3) that such discrimination was the result of plaintiff's disability. 42 U.S.C. § 12132. Here, plaintiff fails to allege a Title II claim because she does not allege exclusion from a public service or discrimination based on a disability. Plaintiff only alleges that someone stole her property. Since plaintiff does not state a cognizable claim under Title II of the ADA, this claim should be dismissed.

### 3. TITLE III OF THE ADA.

To state a claim under Title III of the ADA, plaintiff must allege (1) that she has a disability, (2) that the defendant owns a place of "public accommodation," and (3) that she was denied full and equal service at the place of "public accommodation" because of her disability. 42 U.S.C. § 12182.

Plaintiff fails to state a Title III claim because defendant's alleged conduct of wrongfully taking money is not connected to a place of "public accommodation." Thus, plaintiff does not state a cognizable claim under Title III of the ADA. This claim is also dismissed.

## CONCLUSION

For the reasons set out above, this action is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff has until **JUNE 26, 2018** to file an amended complaint. If the amended complaint sufficiently states a claim, then the court will reconsider plaintiff's in forma pauperis status. If the plaintiff fails to submit an amended complaint, however, this case will be dismissed.

**IT IS SO ORDERED.**

Dated: June 5, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE